## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| DANIEL J. ZEDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO._____ |
| | ) | |
| MATTHEW JAMES BAILEY, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

Pursuant Fed. R. Civ. P. 3, Plaintiff Daniel J. Zedan ("Zedan") files his

Complaint against Defendant Matthew James Bailey ("Bailey"), showing the Court

as follows:

### THE PARTIES

1.

Zedan is an individual resident of the State of Illinois.

2.

Upon information and belief, Bailey is an individual resident of Lowndes

County, State of Georgia.  He may be served with process at 6010 Union Springs

Drive, Hahira, Lowndes County, Georgia 31632.  Alternative addresses for service

are: (a) 207 Blythe Road, Pelham, Mitchell County, Georgia 31779; and (b) 1 Nashville Mills Road, Nashville, Berrien County, Georgia 31639.

## JURISDICTION AND VENUE

### 3.

The parties in this action are of diverse citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Therefore, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

### 4.

Bailey is subject to personal jurisdiction in this Court.

### 5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) Bailey is the sole defendant and resides in this judicial district and a substantial part of the events giving rise to Zedan's claim occurred in this judicial district.

## FACTS

### 6.

Zedan is a principal in an entity called Nature's Finest Foods, Ltd. ("Nature's Finest"). Nature's Finest is a broker that offers a full line of tree nuts

(i.e., almonds, walnuts, pistachios, macadamia nuts, cashews, pine nuts, and pecans).

7.

Zedan has over thirty years of experience in the tree nut business and has a sterling business reputation.

8.

Among other things, Zedan is a member of the board of the American Pecan Council (the "APC"). The APC was founded in 2016 and is based in Fort Worth, Texas. Its members are pecan growers and processors from the 15 pecan-producing states – Alabama, Arkansas, Arizona, California, Florida, Georgia, Kansas, Louisiana, Missouri, Mississippi, North Carolina, New Mexico, Oklahoma, South Carolina, and Texas.

9.

The APC was founded pursuant to a federal marketing agreement and order issued by the Agricultural Marketing Service in August 2016 (the "Pecan marketing Order"). The Pecan Marketing Order provides:

- Authority to collect industry data and conduct research and promotional activities; and

- Authority for industry participants to recommend regulations relating to grade, quality, size, and packaging requirements, which will be reviewed and approved the US Department of Agriculture.

A true and correct copy of the Pecan Marketing Order (as published in the Code of Federal Regulations) is attached hereto and incorporated herein by reference as Exhibit A.

10.

Zedan served in the United States Coast Guard from June 1973 until January 1981. After leaving active duty, Zedan accepted a commission in the Coast Guard Reserve and served for 20 years, retiring with the rank of captain.

11.

Beginning in March 2018, Bailey began publishing false and misleading statements about Zedan in an internet blog site titled "pecanreport.com."

12.

The first known false statement was published on March 15, 2018, and in a post entitled "Pecan Co-Op Co-Founder Says: It's a Scam."  In the post, Bailey falsely stated that Zedan was the "co-founder" of a Texas-based pecan cooperative ("Pecan Producer, Inc." or "PPI") that had been accused of stealing pecans worth millions of dollars from pecan growers across the United States.

13.

On March 29, 2018, Bailey published a follow-up blog post entitled "Pecan Growers Furious."  In that post, Bailey falsely:

- Associated Zedan with PPI;

- Stated that "hundreds of growers" claimed that PPI was stealing from them;

- Stated that one grower lost "his farm due to the theft" by PPI; and

- Stated that "[o]ne grower even sent recordings of conversations between himself and Zedan's 'CO-OP'."

14.

In a letter dated April 13, 2018, Zedan notified Bailey of the false and defamatory statements contained in his posts and demanded that Bailey retract them and cease and desist from making any further such statements.  A true and correct copy of that April 13 letter is attached hereto and incorporated herein by reference as Exhibit B.

15.

Rather than doing as demanded, Bailey continued defaming Zedan.  In a post on pecanreport.com entitled "High Level Fraud in the Pecan Industry" dated September 26, 2018, Bailey again attacked Zedan falsely claiming that:

- Zedan said "that all US shellers mix their product with Mexican pecans;" and

- Zedan was using his position with the APC "to further {his] own greedy aspirations while applying downward pressure on raw material prices to the American pecan farmer."

16.

Most recently, in a post dated March 14, 2019, Bailey falsely wrote on his blog that Zedan:

- Was involved in a "scam" perpetrated by PPI;

- Had a "malevolent agenda" toward participants in the American pecan industry;

- "[R]ecently suggested that most of the US pecan production should cease to exist and that growers are expecting too much money for their pecans;" and

- Had been "warned by APC staff about using American assets to market . . . Mexican bought pecans."

17.

Upon information and belief, Bailey has repeated his written statements orally, thereby slandering Zedan.

18.

The false statements written and stated orally by Bailey tend to injure Zedan's reputation in the tree nut industry, and expose Zedan to public hatred, contempt, or ridicule.

19.

Bailey made his false statements with actual malice toward Zedan, knowing they were false when made.

20.

Bailey's false statements regarding Zedan arise from Bailey's own dissatisfaction with PPI and the fact that Bailey believes that he received too little for pecans that Bailey attempted to sell through PPI.

21.

Zedan hereby renews his demand that Bailey retract all false statements made by Bailey regarding Zedan and cease and desist from making any further such statements.

22.

All conditions precedent to Zedan's right to maintain this action have occurred, have been satisfied, and/or have been waived.

## COUNT 1 - LIBEL

23.

Zedan restates and incorporates by reference as if set forth fully herein the averments contained in paragraphs 1 through 22 above.

24.

By his actions as set forth above, Bailey has libeled Zedan.

25.

As a result of Bailey's intentionally wrongful conduct, Zedan has suffered injury to his reputation and general and special damages in excess of $75,000.

26.

Bailey's acts demonstrate bad faith, constitute stubborn litigious conduct, and have caused Zedan unnecessary trouble and expense, entitling Zedan to recover his costs and expenses of this litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

27.

Bailey's acts were intentional, wanton, willful, fraudulent and oppressive, entitling Zedan to recover punitive damages in an amount to be determined at trial according to the enlightened conscience of the jury pursuant to O.C.G.A. § 51-12-5.1.

## COUNT 2 - SLANDER

28.

Zedan restates and incorporates by reference as if set forth fully herein the averments contained in paragraphs 1 through 22 above.

29.

By his actions as set forth above, Bailey has slandered Zedan.

30.

As a result of Bailey's intentionally wrongful conduct, Zedan has suffered injury to his reputation and general and special damages in excess of $75,000.

31.

Bailey's acts demonstrate bad faith, constitute stubborn litigious conduct, and have caused Zedan unnecessary trouble and expense, entitling Zedan to recover his costs and expenses of this litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

32.

Bailey's acts were intentional, wanton, willful, fraudulent and oppressive, entitling Zedan to recover punitive damages in an amount to be determined at trial according to the enlightened conscience of the jury pursuant to O.C.G.A. § 51-12-5.1.

## COUNT 3 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33.

Zedan restates and incorporates by reference as if set forth fully herein the averments contained in paragraphs 1 through 22 above.

34.

Bailey's wrongful conduct as set forth above was intentional and was extreme and outrageous.

35.

Bailey's wrongful conduct has caused Zedan to suffer severe emotional distress.

36.

As a result of Bailey's intentionally wrongful conduct, Zedan has suffered injury from emotional distress resulting in general and special damages in excess of $75,000.

37.

Bailey's acts demonstrate bad faith, constitute stubborn litigious conduct, and have caused Zedan unnecessary trouble and expense, entitling Zedan to recover his costs and expenses of this litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

38.

Bailey's acts were intentional, wanton, willful, fraudulent and oppressive, entitling Zedan to recover punitive damages in an amount to be determined at trial according to the enlightened conscience of the jury pursuant to O.C.G.A. § 51-12-5.1.

## COUNT 4 – PRELIMINARY AND PERMANENT INJUNCTION

39.

Zedan restates and incorporates by reference as if set forth fully herein the averments contained in paragraphs 1 through 22 above.

40.

Bailey's intentional wrongful conduct is ongoing and will continue absent action by this Court.

41.

In the absence of an injunction, Zedan will continue to suffer injury to his reputation and sever emotional distress.

42.

An injunction requiring Bailey to cease his wrongful conduct (including retracting prior false statements) will cause no injury to Bailey.

43.

Public policy favors the issuance of an injunction requiring Bailey to cease his wrongful conduct.

44.

Bailey's acts demonstrate bad faith, constitute stubborn litigious conduct, and have caused Zedan unnecessary trouble and expense, entitling Zedan to recover his costs and expenses of this litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Zedan prays this Court:

(a)    Enter judgment against Bailey under Count 1 and award Zedan compensatory damages in an amount to be determined at trial, but which his not less than $75,000;

(b)    Enter judgment against Bailey under Count 2 and award Zedan compensatory damages in an amount to be determined at trial, but which his not less than $75,000;

(c)    Enter judgment against Bailey under Count 3 and award Zedan compensatory damages in an amount to be determined at trial, but which his not less than $75,000;

(d)    Issue a preliminary and permanent injunction against Bailey requiring Bailey to: (i) retract his prior false statements about Zedan, and (ii) refrain from making further similar false statements about Zedan;

(e)    Award Zedan his attorneys' fees and other expenses of this litigation pursuant to O.C.G.A. § 13-6-11;

(f)    Award Zedan punitive damages in an amount to be determined at trial pursuant to O.C.G.A. § 51-12-5.1;

(g)    Tax all costs of this action against Bailey; and

(h)    Grant Zedan such other and further relief as the Court determines is just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

This 20th day of March, 2019.

Respectfully submitted,

**JAMES-BATES-BRANNAN-GROOVER-LLP**

By:   /s/  William J. Sheppard
    William J. Sheppard
    Georgia Bar No. 641980

Attorneys for Daniel J. Zedan

3399 Peachtree Road
Suite 1700
Atlanta, Georgia 30326
(404) 997-6020
(404) 997-6021 (fax)
wsheppard@jamesbatesllp.com

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1D, the undersigned counsel certifies that the foregoing **COMPLAINT** has been prepared in Time New Roman 14 point, one of the four fonts and points approved by the Court in LR 5.1B.

This 20th day of March, 2019.

> **JAMES-BATES-BRANNAN-**
> **GROOVER-LLP**
>
>
> By: /s/ William J. Sheppard
>      William J. Sheppard